**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD M. YONEMOTO, | No. 12-16662 |
| Plaintiff - Appellee, | D.C. No. 1:06-cv-00378-BMK |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| RONALD M. YONEMOTO, | No. 12-16793 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-00378-BMK |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | |
| Defendant - Appellee. | |

Appeals from the United States District Court
for the District of Hawaii
Barry M. Kurren, Magistrate Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted November 13, 2013[]
San Francisco, California

Before: TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

These are cross-appeals from the district court's order granting in part and denying in part Plaintiff Ronald M. Yonemoto's motion for attorneys' fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

**(1)**  The district court did not abuse its discretion in concluding that "Plaintiff's action has resulted in a public benefit by shedding light on the [Department of Veterans Affairs' ("VA")] treatment of its personnel, forcing the VA to comply with [the Freedom of Information Act ("FOIA")], and uncovering other emails bearing on problems with the agency's operations."  The district court's finding identifying these public benefits was not "illogical, implausible, or without support in the . . . record."  *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010).

Nor was it an abuse of discretion to conclude that Yonemoto's "personal and commercial interest" in the materials sought is "outweighed by the public benefit of the action and the VA's failure to disclose the disputed documents earlier."  In light of the VA's continuing refusal to disclose the requested documents in

---

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

compliance with FOIA, during the seven years of this litigation, Yonemoto might well have abandoned the case "absent the high probability that fees and costs of suit would be awarded against the intransigent agency." *United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus., Local 598 v. Dep't of Army Corps of Eng'rs, Walla Walla Dist.*, 841 F.2d 1459, 1462 (9th Cir. 1988), *abrogated on other grounds by U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 771 (1989).

(**2**)  The district court may, however, have abused its discretion in assessing another factor supporting Yonemoto's entitlement to attorneys' fees: whether the VA's "withholding of the records sought had a <u>reasonable basis in law</u>." *Church of Scientology of Cal. v. U.S. Postal Serv.*, 700 F.2d 486, 492 (9th Cir. 1983) (emphasis added).  Although the district court cited the correct standard, it may have failed to apply it.  The court held that

> this factor weighs in favor of awarding attorneys' fees, because the VA's failure to disclose the 157 emails prior to Plaintiff's appeal <u>was not completely reasonable</u>. . . . Looking at the totality of the circumstances . . . it <u>would have been prudent</u> for the VA to disclose the 157 emails prior to the appeal.  Although the Court does not find that the VA acted in bad faith, . . . the VA's initial refusal to disclose the 157 emails to Yonemoto was <u>not entirely reasonable</u>.

Our cases do not require that the government's withholding be "completely" or "entirely" reasonable, in the sense that all its bases for withholding were

3

reasonable. We require only that "the agency's decision . . . be based upon legal authority that reasonably supports its position that the documents should be withheld." *United Ass'n of Journeymen*, 841 F.2d at 1463. If the district court meant to say otherwise, then it applied the wrong standard.

**(3)** The district court, on the other hand, may have used the terms "completely" and "entirely" only for emphasis, and so applied the correct standard. In any event, we agree with the VA that "there is no need for this Court to remand to the district court for an assessment of Yonemoto's entitlement to fees under the proper standards. . . ." "[W]e can affirm on any ground supported by the record," *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008), and because Yonemoto would necessarily prevail under the correct legal standard, any other conclusion would be an abuse of discretion.

The VA's conduct over the past seven years supports the conclusion that its withholding was, overall, unreasonable. The VA has repeatedly changed its position as to which exemptions support withholding — first, relying on Exemptions 2, 5, and 6; then abandoning reliance on Exemptions 2 and 5 at the time of the second appeal; and finally disclosing a vast majority of remaining documents "because the burden of producing a *Vaughn* index for them was not justified given their trivial nature." The VA also defended the district court's

4

mootness ruling in the second appeal, despite some recognition in the district court that it was erroneous. Yonemoto has incurred significant legal fees responding to arguments that the VA either knew were tenuous or would ultimately abandon, and supporting his claim to documents that the VA would ultimately disclose. Further, Yonemoto did so without the benefit of a proper *Vaughn* index from which to determine the VA's reason for the asserted exemptions. *See Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 695 (9th Cir. 2012) (holding that "the VA's *Vaughn* index falls short with regard to many of the records").

On balance, consideration of the factors set forth in *Church of Scientology*, 700 F.2d at 492, as well as an additional factor, the overall reasonableness of the government's litigation behavior, supports Yonemoto's entitlement to attorneys' fees. We therefore affirm the district court.

**(4)** The district court did not abuse its discretion in reducing Yonemoto's fee award to reflect his limited success. "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees . . . . [W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983).

5

It was not an abuse of discretion for the district court to conclude that Yonemoto "is not entitled to fees with respect to the documents produced in response to the EEOC discovery process" because the "Court did not order the VA to produce the EEOC emails, and the VA did not 'voluntarily' change its position with respect to those emails." There is no indication that, as Yonemoto contends, the district court failed to consider whether the FOIA action "had a substantial causative effect on the delivery of the information" in the EEOC proceedings. *Church of Scientology*, 700 F.2d at 489.

**AFFIRMED.**